**Gohar Pogosovna VARDANYAN,
Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

**No. 06–70536.**

United States Court of Appeals,
Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted June 16, 2009.*

Filed June 25, 2009.

Vitaly B. Sigal, Liberman & Sigal, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Robert Loeb, Anne Murphy, Trial, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Gohar Pogosovna Vardanyan, a native of Georgia and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997), and we deny the petition for review.

The agency denied Vardanyan's asylum application as time-barred. Vardanyan does not challenge this finding in her opening brief. Accordingly, we deny her petition as to the asylum claim.

■ Even if Vardanyan's testimony were deemed credible, substantial evidence supports the BIA's denial of withholding of removal because Vardanyan failed to establish that the harm she experienced in Armenia and the harm she fears upon return are based on a protected ground. *See id.* In particular, substantial evidence supports the agency's conclusion that Vardanyan did not seek to expose or otherwise investigate corruption inextricably intertwined with a government operation. *Cf. Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000).

■ Substantial evidence supports the agency's denial of Vardanyan's CAT claim because she did not demonstrate that it is more likely than not she will be tortured if she returns to Armenia. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

■ Vardanyan's due process contention fails because she has not demonstrated how a different translation of her work record book would have affected the outcome of the proceedings. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

**PETITION FOR REVIEW DENIED.**